## Josephine Weakley, Appellee, v. Adolph G. Mizell et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill to foreclose a mortgage filed by Josephine Weakley, complainant, against Adolph G. Mizell *et al.*, defendants. From a decree in favor of complainant, defendants appeal.

On a former appeal from a decree entered, after a jury trial, in favor of the complainant, the case was reversed and remanded with directions to the chancellor either to set aside the verdict and grant a new trial or enter a decree based upon his individual judgment derived from the evidence. See *Weakley v. Mizell*, 193 Ill. App. 494.

Upon the reinstatement of the cause in the court below, the parties stipulated that the former decree be set aside and a new trial granted; that the chancellor should have read to him the evidence preserved in the certificate of evidence upon the former trial, and that either party might in addition thereto present such further evidence in open court as he saw fit. No additional evidence of material importance was introduced by either party upon the last hearing before the chancellor, who again rendered a decree in favor of complainant.

W. C. & T. M. HEADEN, D. G. THOMPSON and GEORGE B. RHOADS, for appellants.

E. A. RICHARDSON, WHITAKER, WARD & PUGH and W. C. & W. L. KELLEY, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

APPEAL AND ERROR, § 1396*—*when chancellor's findings of fact will not justify reversal.* Where the evidence introduced on the trial of a case is in irreconcilable conflict, findings of fact of the chancellor, who saw and heard the witnesses, will not justify a reversal of the decree unless the findings are palpably erroneous.

## William O. Bailey, Appellee, v. Fraternal Reserve Life Association, Appellant.

1. INSURANCE, § 744*—*when certificate of membership makes application a part of contract of insurance.* In an action on a policy of life insurance issued by a fraternal benefit association, *held* that the language used in the certificate of membership made the application a part of the contract of insurance.

2. INSURANCE, § 120*—*how contract is construed.* An insurance contract has but one object, indemnity, and all conditions and provisions therein which have for their sole aim the purpose of defeating the object of the contract are strictly construed against the insurer.

3. INSURANCE, § 231*—*how answers in application are construed in regard to declaring forfeiture.* The rule that forfeitures of insurance contracts are not favored in law and will never be declared if, by any reasonable construction, such result can be avoided, applies especially in determining whether answers to questions in applications for insurance are warranties, where such questions are of such character that it is beyond human probability that they can be answered with literal and absolute truth.

4. INSURANCE, § 752*—*when answers in application are construed as representations.* In an action on a policy of insurance

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.